**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| LARRY EUGENE MOSS, | : Case No. 1:25-cv-84 |
| Plaintiff, | : |
| vs. | : District Judge Douglas R. Cole |
| | : Magistrate Judge Stephanie K. Bowman |
| THE STATE OF OHIO, et al., | : |
| Defendants. | : |

## REPORT AND RECOMMENDATION

On February 10, 2025, plaintiff filed a motion for leave to proceed *in forma pauperis* in connection with a civil rights complaint in this Court. (Doc. 1). The complaint and memorandum submitted to the Court totaled fifty-two single spaced pages.

Because plaintiff's complaint failed to comply with Fed. R. Civ. P. 8(a)(2), the undersigned issued a Deficiency Order on March 17, 2025. (Doc. 2). The Order provided that, if he wished to proceed in this action, plaintiff was ordered to file an amended complaint (which must not exceed 20 pages in length), setting forth in clear, short and concise terms the names of each defendant, the specific claims for relief attributable to each defendant. (*See id.*). Plaintiff was advised that failure to comply with the Order "may result in the dismissal of this action for want of prosecution." (*Id.* at PageID 72).

On May 8, 2025, the Deficiency Order was resent to plaintiff at his current address. (Doc. 3). Plaintiff was ordered to comply with the March 17, 2025 Deficiency Order by June 16, 2025 if he wished to proceed in this action. He was again advised that failure to comply with the Order may result in the dismissal of this action for want of prosecution.

To date, after the June 16, 2025 deadline set forth in the Court's May 8, 2025 Deficiency Order, plaintiff has failed to respond to or otherwise comply with the Order.

District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962).  *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991).  Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power.  *See* Fed. R. Civ. P. 41(b).

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for lack of prosecution.

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Chief Magistrate Judge