UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LARRY EUGENE MOSS,

      Plaintiff,

                             Case No. 1:25-cv-84

      v.

                             JUDGE DOUGLAS R. COLE
THE STATE OF OHIO, et al.,          Magistrate Judge Bowman

      Defendants.

## ORDER

In her Report and Recommendation (R&R, Doc. 4), Magistrate Judge Bowman recommends dismissing this action for failure to prosecute. For the reasons discussed below, the Court **ADOPTS** the R&R (Doc. 4) and **DIMISSES** this case **WITHOUT PREJUDICE** for lack of prosecution. Fed. R. Civ. P. 41(b).

On February 10, 2025, Plaintiff Larry Eugene Moss, a prisoner proceeding pro se, initiated this action against the State of Ohio and various individuals for their "deliberate indifference," which subjected him to "cruel and unusual punishment." (Compl., Doc 1-1, #14). When he filed the action, he also moved for leave to proceed in forma pauperis (IFP). (Doc. 1). But because Moss's complaint spanned some fifty-two single-spaced pages, and thus "fail[ed] to comply" with Federal Rule of Civil Procedure 8(a), the Magistrate Judge ordered him to file an amended complaint not to exceed twenty pages in length within thirty days. (Deficiency Order, Doc. 2, #72). And the Order advised Moss that failure to do so could "result in the dismissal of this action for want of prosecution." (*Id.*). But Moss never filed an amended complaint.

The Magistrate Judge, however, gave Moss a second bite at the apple. In a second Order, she noted that Moss was located at the Warren Correctional Institution when he initially filed the lawsuit, but that he had seemingly been moved to the Richland Correctional Institution. (Order, Doc. 3, #73). In light of that relocation, the Magistrate Judge (1) directed the Clerk of Court to mail that Order and the previously entered Deficiency Order to Moss's new address, and (2) ordered Moss to file a twenty-pages-or-less amended complaint by June 16, 2025. (*Id.*). And again, she advised Moss that failure to comply could result in dismissal of his action. (*Id.* at #73–74). This time she further ordered Moss to keep the Court apprised of any address changes. (*Id.* at #74). Despite those warnings, Moss did not file an amended complaint or otherwise interact with the Court.

Moss's repeated failures to comply with Magistrate Judge Bowman's Orders led her to issue the R&R, which recommends dismissing the action for failure to prosecute. (Doc. 4, #76). The R&R further advised Moss that he had fourteen days to object to the R&R if he wished to do so. (*Id.*). That deadline has since passed, and Moss has not objected. So the Court will review the R&R only for clear error. *Williams v. Parikh*, 708 F. Supp. 3d 1345, 1352 (S.D. Ohio 2023); *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

Having reviewed the R&R, the Court concludes that it does not contain any error, much less "clear error." Fed. R. Civ. P. 72(b) (advisory committee notes). As mentioned, the R&R recommends dismissing this case for lack of prosecution. Under Federal Rule of Civil Procedure 41, the Court may dismiss a case with prejudice when

2

"the plaintiff fails to prosecute" the matter. Fed. R. Civ. P. 41(b). While the rule explicitly mentions such dismissal only on a defendant's motion, it is long-settled that courts may dismiss matters sua sponte for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). And although courts prefer to adjudicate claims on their merits, "dismissal is appropriate when a pro se litigant has engaged in a clear pattern of delay," especially when the "district court was generous in granting extensions which [the litigant] failed to utilize." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *see also Black v. Comm'r Soc. Sec.*, No. 11-13651, 2012 WL 2946318, at *1 (E.D. Mich. May 22, 2012) (collecting cases showing that "prevailing practice throughout this circuit" is to dismiss with prejudice for failure to prosecute when a plaintiff fails to abide by court-ordered deadlines).

The Magistrate Judge provided Moss two opportunities to refile an amended complaint that complied with Rule 8(a). (Docs. 2, 3). But he did not respond to either of her Orders instructing him to do so. Nor did he inform the Court that his address had changed; the Magistrate Judge independently ensured that the Clerk sent both Orders to Moss's updated address. That conduct amounts to failure to prosecute. Beyond that, the Deficiency Order and follow-up Order explicitly warned Moss that failure to comply could result in the Court dismissing his action, (Doc. 2, #72; Doc. 3, #73–74), meaning he's twice been warned about the potential consequences of his failure to comply. As a result, the Court **DISMISSES** this action. But because "the dismissal of a claim for failure to prosecute is a harsh sanction," *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) (cleaned up), the Court elects to do so

**WITHOUT PREJUDICE**. The Court further **DIRECTS** the Clerk to enter judgment and to **TERMINATE** this case on its docket.

      **SO ORDERED.**


August 15, 2025
_____
**DATE**

                           **DOUGLAS R. COLE**
                           **UNITED STATES DISTRICT JUDGE**